DJW/byk/ak

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

WILLIAM AYRES and
DOUGLAS PICKERING,

                           Plaintiffs,

                                     CIVIL ACTION
v.

                                     No.  04-2060-DJW

AG PROCESSING INC,
A Cooperative,
GEORGE HOOVER,
MARTIN REAGAN, and
JOHN CAMPBELL,

                          Defendants.

## <u>MEMORANDUM AND ORDER</u>

       This matter is before the Court on Plaintiffs' Motion for Leave to File Third Amended Complaint for Punitive Damages (doc. 59).  Plaintiffs request leave to amend the Complaint to add Count VI seeking punitive damages based upon Defendants' alleged willful and wanton conduct.  For the reasons set forth below, Plaintiffs' Motion for Leave to File Third Amended Complaint for Punitive Damages is granted in part and denied in part.

## I.      Background Facts

       Plaintiffs' original Complaint, filed on February 17, 2004, set forth the following Counts:  Count I ( Breach of Fiduciary Duty), Count II (Tortious Interference with Prospective Business Advantage or Relationship), Count III (Minority Oppression), Count IV (Breach of Contract), and Count V (Failure to Fund 401K Plan).  The Complaint did not contain a claim for punitive damages.  On June 14, 2004, the

Court conducted a Scheduling Conference and entered a Scheduling Order that required any motions to amend the pleadings to be filed by August 2, 2004.

On November 18, 2004, the Court entered its Memorandum and Order in which it granted in part and denied in part Defendants' Motion to Dismiss.[1]  In that ruling, the Court granted Plaintiffs leave to amend their Complaint to assert a claim under ERISA, to assert a breach of contract claim against Defendant AG Processing, Inc., or to allege some other capacity in which the individual Defendants may be held liable for breach of contract.  Plaintiffs thereafter requested and received an extension of time to file their Amended Complaint.  Plaintiffs filed their Second Amended Complaint (doc. 58) on April 29, 2005.  That same day, Plaintiffs filed their instant Motion for Leave to File Third Amended Complaint for Punitive Damages.  The Court conducted the final Pretrial Conference on May 11, 2005.  The Pretrial Order entered by the Court on May 13, 2005 supersedes all pleadings and controls the subsequent course of the case.  Because Plaintiffs' motion was filed prior to the Pretrial Conference and entry of the Pretrial Order, several provisions of the Pretrial Order contain contingent language based on the parties' dispute regarding whether Plaintiffs should be permitted to amend the Complaint to add punitive damages.

Plaintiffs' motion seeks leave to file a Third Amended Complaint that adds Count VI for punitive damages.  Defendants oppose the motion on the grounds that Plaintiffs have not shown good cause for allowing the untimely amendment of their Complaint and allowing Plaintiffs leave to amend would be futile in that punitive damages are not recoverable under any of the asserted causes of action.

## II.    Standard for Ruling on Motion for Leave to Amend Complaint

---

[1]*Ayres v. AG Processing, Inc.*, 345 F. Supp. 2d 1200 (D. Kan. 2004).

Federal Rule of Civil Procedure 15(a) allows one amendment of the complaint before a responsive pleading is served or within twenty days after service of the complaint.[2]  Subsequent amendments are allowed only by leave of court or by written consent of the adverse party.[3]  Leave to amend, however, is to be "freely given when justice so requires,"[4] and the Supreme Court has emphasized that "this mandate is to be heeded."[5]  The decision to grant leave to amend a complaint after the permissive period is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.[6]

Leave to amend should be denied when the court finds "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[7]  In addition, the court may consider the timeliness of the motion to amend. Untimeliness of the motion is, by itself, a sufficient reason to deny leave to amend, particularly when the movant provides no adequate explanation for the delay.[8]  In addition, if the motion is filed after the scheduling order deadline, then the moving party must show good cause for allowing the amendment out

---

[2] Fed. R. Civ. P. 15(a).

[3] *Id.*

[4] *Id.*

[5] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[6] *Woolsey v. Marion Labs., Inc*., 934 F.2d 1452, 1462 (10th Cir. 1991).

[7] *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993).

[8] *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1495 (10th Cir. 1995).

of time.[9]  To establish good cause, the moving party must show that the deadline "could not have been met with diligence."[10]

A court may also deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss or if it otherwise fails to state a claim.[11]  Thus, the court must analyze a proposed amendment as if it were before the court on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Dismissal of a claim under Rule 12(b)(6) is appropriate only when it appears beyond a doubt that a plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief.[12]

## III.   Discussion and Analysis

### A.   Untimeliness

Defendants argue that Plaintiffs' motion should be denied because Plaintiffs have failed to meet their burden to demonstrate good cause for their failure to seek leave to amend by the August 2, 2004 Scheduling Order deadline.  Defendants point out that Plaintiffs' instant Motion for Leave to Amend was filed nine months after the Scheduling Order deadline for filing motions to amend the pleadings.

Plaintiffs acknowledge that they failed to file their motion by the August 2, 2004 Scheduling Order deadline, but explain that their failure was based upon the mistaken assumption that K.S.A. 60-3703

---

[9] *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518 (10th Cir. 1990).

[10] *Simpson v. Home Depot, Inc*., 203 F.R.D. 643, 644 (D. Kan. 2001) (quoting *Denmon v. Runyon*, 151 F.R.D. 404, 407 (D. Kan. 1993)).

[11]*Lyle v. Commodity Credit Corp.*, 898 F. Supp. 808, 810 (D. Kan. 1995) (citing *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992)).

[12]*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998).

governed their claim for punitive damages. Plaintiffs state that they believed that K.S.A. 60-3703 applied to the filing of amendments for punitive damages rather than Fed. R. Civ. P. 9(g). K.S.A. 60-3703 does not allow a claim for punitive damages in the original petition, but allows the petition to be amended to add punitive damages only after plaintiff establishes a probability that it will prevail on the claim. In direct contrast, Fed. R. Civ. P. 9(g) requires that all special damages be specifically stated in the pleadings.

Plaintiffs also state that at the time the motion was due, discovery was not complete and evidence to support a claim for punitive damages was not available. After discovery was completed, however, such evidence was obtained. Plaintiffs state that they could not have substantiated punitive damages without supporting evidence. Plaintiffs argue that they demonstrated good faith by not filing the motion until such evidence was available.

The Court determines that the reasons asserted by Plaintiffs explaining the untimely filing of their motion to amend the complaint constitute excusable neglect. As Plaintiffs have shown good cause for allowing the amendment out of time, the Court declines to deny Plaintiffs' motion on the grounds of untimeliness.

**B.      Futility of Amendment**

Defendants also urge the Court to deny Plaintiffs' Motion for Leave to File Third Amended Complaint for Punitive Damages on the grounds that allowing Plaintiffs to amend their Complaint to add a claim for punitive damages in this case would be futile. Plaintiffs argue that Defendants have incorrectly categorized punitive damages as a substantive law issue. They maintain that they have a right under federal law to amend their Complaint for punitive damages.

Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law.[13]   The issue of whether punitive damages are permitted is governed by state substantive law.[14]

In its November 18, 2004 Memorandum and Order ruling on Defendants' Motion to Dismiss, the Court determined which state's substantive law governs each of Plaintiffs' state law causes of action.  The Court held that Count I ( Breach of Fiduciary Duty), Count III (Minority Oppression), and Count IV (Breach of Contract) of Plaintiffs' Complaint are governed by Nebraska law.  The Court held that Count II (Tortious Interference with Prospective Business Advantage or Relationship) is governed by Kansas law.  Thus, the Court will analyze whether it would be futile to allow Plaintiffs to amend the Complaint to add punitive damages under the applicable state's substantive law.

### 1.    Count I ( Breach of Fiduciary Duty), Count III (Minority Oppression), & Count IV (Breach of Contract)

The Court, in its November 18, 2004 Memorandum and Order, held that Plaintiffs' breach of fiduciary duty, minority oppression, breach of contract claims are governed by Nebraska law.  Under Nebraska law, punitive or exemplary damages with respect to state causes of action are prohibited by the

---

[13]*Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996).

[14]*See O'Gilvie v. Int'l Playtex, Inc.*, 821 F.2d 1438, 1448 (10th Cir. 1987) ("the circumstances under which punitive damages are available in a diversity case are governed by state law, . . . as are the substantive elements upon which an award of punitive damages may be based."); *Henderson v. Nat'l Fid. Life Ins. Co.*, 257 F.2d 917, 919 (10th Cir. 1958) ("The measure of damages for breach of contract is undoubtedly substantive law, as to which state law is controlling."); *Vance ex rel. Wood v. Midwest Coast Transp., Inc.*, 314 F. Supp. 2d 1089,  1092 (D. Kan. 2004) (statutory factors justifying punitive damages or the limits on the amount of punitive damages are binding on the federal court because they are substantive and provide the law to be applied by the trier of fact).

Constitution of the State of Nebraska.[15]  Nebraska courts have found that ordinarily, with respect to state causes of action, punitive damages contravene Nebraska Constitution Articles 7 and 5, and are not allowed.[16]  Therefore, under Nebraska law,  Plaintiffs can prove no set of facts that would entitle them to punitive damages.  Such a claim would be dismissed and an amendment would be futile.  The Court therefore denies Plaintiffs' Motion for Leave to Amend to the extent that Plaintiffs seek leave to add a claim for punitive damages under Count I ( Breach of Fiduciary Duty), Count III (Minority Oppression), and Count IV (Breach of Contract).

2.      **Count II (Tortious Interference With Prospective Business Advantage or Relationship)**

With respect to Plaintiffs' tortious interference claim, Defendants agree that Kansas law applies to this claim but argue that Plaintiffs cannot meet the burden established in K.S.A. 60-3702(c) and, therefore, allowing them to amend their Complaint to add a claim for punitive damages would be futile.  K.S.A. 60-3702(c) states that where punitive damages are claimed the plaintiff has the "burden of proving, by clear and convincing evidence in the *initial phase of the trial*, that the defendant acted with willful or wanton

---

[15]Nebraska Const. Art. VII, § 5 ("That section states in relevant part that "all . . . penalties . . . arising under the general laws of the state . . . shall belong and be paid over to the counties respectively where the same may be levied or imposed" and that all such penalties "shall be appropriated exclusively to the use and support of the common schools" of the respective counties."). *See also Abel v. Conover,* 170 Neb. 926, 929, 104 N.W.2d 684, 688 (1960) ("It has been a fundamental rule of law in this state that punitive, vindictive, or exemplary damages will not be allowed, and that the measure of recovery in all civil cases is compensation for the injury sustained."); *Distinctive Printing & Packaging Co. v. Cox,* 232 Neb. 846, 857, 443 N.W.2d 566, 574 (1989) ("punitive, vindictive, or exemplary damages contravene Neb. Const. art. VII, § 5, and thus are not allowed in this jurisdiction.").

[16]*State ex rel Cherry v. Burns*, 258 Neb. 216, 226, 602 N.W.2d 477, 484 (1999).

conduct, fraud or malice."[17]  This language merely establishes a burden of proof for punitive damages in the initial phase of the trial.  It does not place restrictions on whether a party may make a claim for punitive damages.  The Court determines that Plaintiffs' proposed claim for punitive damages under this cause of action would overcome a Rule 12(b)(6) motion because Plaintiffs would be entitled to punitive damages if they proved willful or wanton conduct.

Defendants further argue that punitive damages are not recoverable against a defendant who acted in good faith, under the advice of counsel, or under an innocent mistake of law.[18]  To determine that the defendant acted in good faith, under the advice of counsel, or under an innocent mistake of law would require findings of fact.  If findings of fact are required, the claim cannot be dismissed under Rule 12(b)(6) and is not futile.  Because there is no required showing before filing and punitive damages are allowed for tort claims in Kansas, Plaintiffs could recover such damages.

Defendants also argue that Kansas law limits the amount Plaintiffs may recover for punitive damages.  Under K.S.A. 60-3702(e)(1)-(2), "[n]o award of punitive damages may exceed the lesser of the defendant's highest gross annual income earned for any one of the five years immediately before the act for which such damages are awarded, unless the court determines such amount is clearly inadequate to penalize the defendant, then the court may award up to 50% of the net worth of the defendant, as

---

[17]K.S.A. 60-3702(c) (emphasis added).

[18]*Iola State Bank v. Bolan*, 235 Kan. 175, 192 (1984). *See also Bearden v. John Hancock Mut. Life Ins. Co.*, 708 F. Supp. 1196, 1197 (D. Kan. 1987).

determined by the court; or $5 million."[19]  The statute limits the award of punitive damages, not how much Plaintiffs may claim.  The Court therefore grants Plaintiffs' Motion for Leave to File Third Amended Complaint to the extent that Plaintiffs seek to add a claim for punitive damages under Count II (Tortious Interference With Prospective Business Advantage or Relationship).

**3.      Count V ( ERISA Violation**)

In Count V of their Amend Complaint (doc. 58), Plaintiffs assert claims under the Employee Retirement Income Security Act of 1974[20] ("ERISA").  The Tenth Circuit has ruled that punitive damages are not available in an ERISA action.[21]  Any claim for punitive damages related to an ERISA violation cause of action would therefore be dismissed under Fed. R. Civ. P. 12(b)(6) standards because Plaintiffs could not prove any set of facts that would entitle them to punitive damages.   Because punitive damages are not available under ERISA, allowing Plaintiffs to amend their Complaint to add a claim for punitive damages under this Count would be futile.  The Court therefore denies Plaintiffs' Motion for Leave to File Third Amended Complaint to the extent that Plaintiffs seek to add a claim for punitive damages under Count V (ERISA violations).

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to File Third Amended Complaint for Punitive Damages (doc. 59) is granted in part and denied in part as set forth herein.

---

[19]K.S.A. 60-3702(e)(1)-(2).

[20]29 U.S.C. § 1001, *et seq.*

[21]*Sage v. Automation, Inc. Pension Plan & Trust*, 845 F.2d 885 (10th Cir. 1988).

**IT IS FURTHER ORDERED** that within **ten (10) days** of the date of this Memorandum and Order, Plaintiffs shall electronically file and serve their Third Amended Complaint, modified in accordance with this Memorandum and Order.

**IT IS FURTHER ORDERED** that within **ten (10) days** after Defendants file their Answer to Plaintiffs' Third Amended Complaint, the parties shall jointly submit, via an email addressed to KSD_Waxse_Chambers@ksd.uscourts.gov, their proposed Amended Pretrial Order reflecting the addition of Plaintiffs' claim for punitive damages under Count II ((Tortious Interference With Prospective Business Advantage or Relationship) only. The parties should revise all applicable sections of the Amended Pretrial Order that are affected by the Court's ruling as set forth herein.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 22nd day of July 2005.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:     All counsel

10